IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICIA AMY KIRALY,

                    Plaintiff,

vs.                                    Case No. 13-1222-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On April 5, 2012, administrative law judge (ALJ) James Harty issued his decision (R. at 14-24). Plaintiff alleges that she had been disabled since July 1, 2009 (R. at 14). Plaintiff is insured for disability insurance benefits through December 31, 2010 (R. at 16). At step one, the ALJ found that plaintiff

4

did not engage in substantial gainful activity since the alleged
onset date (R. at 16).  At step two, the ALJ found that
plaintiff had the following severe impairments:  fibromyalgia,
degenerative disease of the bilateral hips, degenerative disease
of the lumbar and thoracic spine, degenerative disease of the
right shoulder, right knee injury, bilateral lower extremity
sensory neuropathy and chronic fatigue syndrome (R. at 16).  At
step three, the ALJ determined that plaintiff's impairments do
not meet or equal a listed impairment (R. at 17).  After
determining plaintiff's RFC (R. at 17-18), the ALJ determined at
step four that plaintiff is able to perform past relevant work
as a secretary (R. at 23).  Therefore, the ALJ concluded that
plaintiff was not disabled (R. at 23).

**III.  Are the ALJ's RFC findings supported by substantial
evidence?**

According to SSR 96-8p, the RFC assessment "must include a
narrative discussion describing how the evidence supports each
conclusion, citing specific medical facts...and nonmedical
evidence."  The ALJ must explain how any material
inconsistencies or ambiguities in the evidence in the case
record were considered and resolved.  The RFC assessment must
always consider and address medical source opinions.  If the RFC
assessment conflicts with an opinion from a medical source, the
ALJ must explain why the opinion was not adopted.  SSR 96-8p,

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20
C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530
n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson
v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ
fails to provide a narrative discussion describing how the
evidence supports each conclusion, citing to specific medical
facts and nonmedical evidence, the court will conclude that his
RFC conclusions are not supported by substantial evidence.  See
Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July
28, 2003).  The ALJ's decision must be sufficiently articulated
so that it is capable of meaningful review; the ALJ is charged
with carefully considering all of the relevant evidence and
linking his findings to specific evidence.  Spicer v. Barnhart,
64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is
insufficient for the ALJ to only generally discuss the evidence,
but fail to relate that evidence to his conclusions.  Cruse v.
U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th
Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p
because he has not linked his RFC determination with specific
evidence in the record, the court cannot adequately assess
whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.
Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ limited plaintiff to lifting 40 pounds, with occasional bending, stooping, and twisting.  Plaintiff must be afforded the opportunity to sit or stand during the work day, not less than 30 minutes sitting and 30 minutes standing. Plaintiff can lift and carry at ground level work only; plaintiff must avoid kneeling and climbing ladders, and can occasionally squat (R. at 17-18).

In making his RFC findings, the ALJ gave "substantial" weight to the opinions of Dr. Estivo (R. at 22), who performed a physical examination on the plaintiff and reviewed various medical records (R. at 616-627, 629-630).  Dr. Estivo recommended a 40 pound weight restriction, with no repetitive bending, stooping, or twisting; alternating sitting with standing; as well as ground level work only with no kneeling or ladder climbing, and limited squatting (R. at 630).

Dr. Foster prepared a state agency assessment (R. at 492-498).  The ALJ gave it substantial weight to the extent it was consistent with the RFC assessment (R. at 22).

The record also contains a RFC assessment from Wesley Detrick, plaintiff's treating chiropractor (R. at 499-500, 520-524).  He opined that plaintiff has to change positions every few minutes due to hip and back discomfort, and is unable to work due to constant pain (R. at 500).  He opined that plaintiff could only sit for 2 hours and stand/walk for 2 hours in an 8

7

hour workday (R. at 522).  The ALJ accorded "little" weight to
this opinion.  The ALJ discounted the chiropractor's opinions
because he relied on x-rays which do not support the alleged
limitations, and because the chiropractor relied on plaintiff's
subjective complaints rather than objective evidence.  The ALJ
also noted that a chiropractor's opinion is not eligible to be
afforded controlling weight (R. at 22).

     Acceptable medical sources includes physicians.  Other
medical sources who are not acceptable medical sources include
chiropractors.  SSR 06-03p, 2006 WL 2329939 at *1, 2.  An
opinion from an acceptable medical source is a factor that may
justify giving that opinion greater weight because such
acceptable medical sources are "the most qualified health care
professional."  SSR 06-03p, 2006 WL 2329939 at *5.  Furthermore,
the opinion of an examining physician is generally entitled to
greater weight than physician who has never seen the claimant.
Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).

     The ALJ gave more weight to the opinions of the two
acceptable medical sources as compared to the opinion of a
chiropractor, and also gave greater weight to the opinion of an
examining physician (Dr. Estivo) as compared to the opinion of a
non-examining physician (Dr. Foster).  Giving greater weight to
acceptable medical sources, and giving more weight to an

examining physician as compared to a non-examining physician is in accordance with agency regulations and rulings.

The only change the ALJ made to the opinions of Dr. Estivo, who opined that plaintiff should be able to alternate sitting and standing, but did not specify in what durations, was to state that plaintiff should be afforded the opportunity to sit or stand, not less than 30 minutes sitting and 30 minutes standing (R. at 18). Plaintiff's chiropractor had opined that plaintiff needed to be able to shift positions at will from sitting, standing or walking (R. at 523). The ALJ rejected the opinion of the chiropractor, giving it little weight, and gave substantial weight to the opinions of Dr. Estivo. The ALJ noted that Dr. Estivo did not specify in what durations she needed to alternate sitting and standing (R. at 22), and found that she be allowed not less than 30 minutes sitting and 30 minutes standing. The ALJ had also previously noted that plaintiff had testified on May 24, 2011 that she could sit for 30-45 minutes as long as she could shift in the chair, and could stand for 15 minutes (R. at 18, 62-63).

There is no requirement for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). Furthermore, the court will not reweigh the evidence or substitute its judgment for that of the

Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th

Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th

Cir. 2002).  Although the court will not reweigh the evidence,

the conclusions reached by the ALJ must be reasonable and

consistent with the evidence.  See Glenn v. Shalala, 21 F.3d

983, 988 (10th Cir. 1994)(the court must affirm if, considering

the evidence as a whole, there is sufficient evidence which a

reasonable mind might accept as adequate to support a

conclusion).  The court can only review the sufficiency of the

evidence.  Although the evidence may support a contrary finding,

the court cannot displace the agency's choice between two fairly

conflicting views, even though the court may have justifiably

made a different choice had the matter been before it de novo.

Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

    Based on plaintiff's testimony at the 1st hearing in 2011,

and the fact that the ALJ did not find plaintiff entirely

credible for the reasons set forth in his opinion (R. at 18-19,

21-22),[1] the ALJ could reasonably conclude that plaintiff have

the opportunity to sit or stand during the work day, not less

than 30 minutes sitting and 30 minutes standing.  The court

finds that substantial evidence supports the ALJ's RFC finding

on this point.

---

[1] Plaintiff does not contest the ALJ's credibility findings in her brief.  Furthermore, it should be noted that the physical RFC assessment by Dr. Foster stated that the file contains some inconsistencies which erode the credibility of plaintiff's allegations.  Dr. Foster found plaintiff to be only partially credible (R. at 497).

The second issue raised by plaintiff is regarding the finding of Dr. Estivo that plaintiff be restricted to "no repetitive bending, stooping, or twisting" (R. at 630).  In his RFC findings, the ALJ limited plaintiff to "occasional bending, stooping, twisting" (R. at 17-18).  Plaintiff argues that this was an inaccurate adjustment of the findings of Dr. Estivo.

According to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) (U.S. Dept. of Labor, 1993 at C-3), "occasionally" involves an activity existing up to 1/3 of the time, "frequently" involves an activity existing from 1/3 to 2/3 of the time, and "constantly" involves an activity or condition that exists 2/3 or more of the time.  In the case of Gallegos v. Barnhart, 99 Fed. Appx. 222, 224 (10th Cir. June 2, 2004), a vocational expert (VE) expressly construed "repetitive" to mean the same thing as "constant," or 2/3 or more of the time.  Based on these definitions, the ALJ's RFC finding limiting plaintiff to "occasional" bending, stooping and twisting is consistent with the opinion of Dr. Estivo that plaintiff engage in no "repetitive" bending, stooping or twisting.  In summary, the court finds that substantial evidence supports the ALJ's RFC findings.

IT IS THEREFORE ORDERED that the judgment of the
Commissioner is affirmed pursuant to sentence four of 42 U.S.C.
§ 405(g).

Dated this 2nd day of September 2014, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge